# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| STEPHANE PARROTT and KEVIN WILLIAMS, Individually and on Behalf of All Other Persons Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> MARRIOTT INTERNATIONAL, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) Collective Action Complaint <br> ) <br> ) <br> ) Jury Trial Demanded <br> ) |

## INTRODUCTION

Plaintiffs, Stephane Parrott and Kevin Williams, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), file this Collective Action Complaint (the "Complaint") against Defendant Marriott International, Inc. ("Defendant" or "Marriott"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1. This action seeks to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act ("FLSA") for Plaintiffs and other current and former Food and Beverage Managers, as well as those in similar positions but

operating under different titles (together, "Food Managers"), who worked more than 40 hours in any workweek at any hotel operating as a Courtyard by Marriott hotel ("Courtyard Hotels") in the United States between February 3, 2014 and the date of judgment in this matter, who elect to opt into this action pursuant to the section 16(b) of the FLSA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Plaintiffs and some collective action members are citizens of a state different from that of the Defendant.

4. The class claims involve matters of national or interstate interest.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District and at least one Plaintiff resides in this District.

6. Defendant regularly conducts business in this district.

7. A substantial part of the events giving rise to the claims occurred in this district.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9. Defendant Marriott International, Inc. is a Delaware corporation with its principal place of business at 10400 Fernwood Road, Bethesda, Maryland 20817-1102..

10. Plaintiff Stephane Parrott is an individual residing in Farmington Hills,, Michigan.

11. Plaintiff Stephane Parrott worked as a Food Manager from approximately November 2013 through June 2014, at the Courtyard by Marriott hotel located at 27027 Northwestern Highway, Southfield, MI 48033.

12. Plaintiff Stephane Parrott worked in excess of 40 hours per workweek, without receiving overtime for all hours worked.

13. Plaintiff Kevin Williams is an individual residing in Washington, D.C.

14. Plaintiff Williams worked as a Food Manager from approximately June 2013through May 2014 at the Courtyard by Marriott Hotel located at 10077 Brook Rd., Richmond, VA.

15. Plaintiff Williams worked in excess of 40 hours per workweek, without receiving overtime wages for all hours worked.

16. Plaintiffs are covered employees under the FLSA.

17. Marriott employed and jointly employed Plaintiffs within the meaning of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant as an Food Manager at any time from three years from February 3, 2014, to the entry of judgment in this case (the "Collective Action Period").

19. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other Food Managers.

20. There are many similarly-situated current and former Food Managers who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

21. The similarly situated employees are known to Defendant, are readily-identifiable and can be located through Defendant's records.

## STATEMENT OF FACTS

22. Defendant Marriott owns and operates a chain of over 3,000 hotels in North America, including in all 50 states. According to SEC filings, Defendant owns and operates approximately 916 Courtyard Hotels that are home to over 130,000 rooms. Of the 916 Courtyard Hotels, 276 are company locations and 640 are franchise locations.

23. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

24. At all times relevant herein, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

25. At all times relevant herein, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Marriott has had and has a gross volume of sales made or business done of at least $500,000.

26. At all times relevant herein, Plaintiffs and the putative collective, were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

27. At all times relevant herein, Defendant created, implemented, and propagated common menus, materials, point of sales' system, reservations system, contracts for vendors and other items for use by Food Managers at all Courtyard Hotels.

28. Defendant directed the work of Plaintiffs and similarly situated employees, and benefited from work performed that Defendant suffered or permitted from them at all Courtyard Hotels.

29. Defendant maintains control, oversight, and discretion over the operation of all Courtyard Hotels and their Food and Beverage operations, including its employment practices with respect to Plaintiffs and the Collective.

30. Plaintiffs and the Collective's work as Food Managers was performed in the normal course of Defendant's business and was integrated into it. Defendant created, implemented, and propagated common menus, materials, point of sales' system, reservations system, contracts for vendors and other items for use by Food Managers in all of its Courtyard hotels.

31. Consistent with Defendant's policy, pattern and/or practice, Plaintiffs and the Collective regularly worked in excess of 40 hours per workweek without being paid all overtime wages, in violation of the FLSA.

32. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

33. Throughout the Collective Action Period, Plaintiffs and the Collective performed the same primary job duties: unloading the delivery truck, stocking items, cooking, setting up the banquet room, cleaning the premises, general restaurant preparatory work, and other customary unskilled duties associated with working in a restaurant setting.

34. Throughout the Collective Action Period, the primary job duties of Plaintiffs and all members of the collective, and all members of the class, did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

35. The primary job duties of Plaintiffs and all members of the Collective did not materially differ from the duties of non-exempt hourly paid employees. Their primary duties were manual in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' working hours.

36. Pursuant to a centralized, company-wide policy, pattern and/or practice, Food Managers and other similarly situated current and former employees holding comparable positions but different titles, at Courtyard hotels, were classified as exempt from coverage of the overtime provisions of the FLSA and state wage and hour laws.

37. The identical manner in which all Courtyard Hotels are operated is the direct and intended consequence of Defendant's control of all aspects of the design, layout, construction, and managerial and operational systems of all Courtyards Hotels, whether company-owned or franchised. The uniformity in the operation of Courtyard Hotels is also ensured through the mandatory corporate training that all Food Managers receive, whether they work at company-owned or franchise-run Courtyard Hotels. Defendant's absolute control over both corporate and franchise-run Courtyards is reflected in the comprehensive corporate Standards to which all Courtyard Hotels must adhere, which mandate implementation of the policies and practices that cause the violations alleged herein. The policies do not vary from hotel to hotel, whether company-owned or franchised.

38. For Franchisees, their compliance with Defendant's Standards is compelled under the terms of the franchise agreements between Defendant and

each franchisee. Defendant retains the absolute right to terminate the relationships with its franchisees at any time and therefore to terminate the employees that work for the franchise.

39. The food and beverage services provided by franchise-run Courtyard Hotels, and hence the day-to-day jobs performed by the Food Managers that work at franchise-run Courtyard Hotels, are tightly controlled by Defendants. The food and beverage services at Franchise-run Courtyards must be open and in operation for days and hours prescribed by Defendant, must use products and ingredients, supplies, paper goods, dinnerware and furnishings as conform with Defendant's Standards (and must obtain written consent from Defendant to deviate from those Standards), must sell only the menu items and beverages prescribed by Defendant – which must be prepared in the manner prescribed by Defendant – and must discontinue the sale of any items as ordered by Defendant.

40. Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Food Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

41. Defendant closely scrutinized labor budgets to cover labor costs for the Courtyards where Plaintiffs and the Collective worked. The wages of Defendant's Courtyard employees were deducted from the labor budgets.

Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiffs and the Collective (who were not paid all overtime due) working more than 40 hours in a workweek without receiving all overtime compensation due, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, hotel-level employees.

42.     Defendant knew, by virtue of the fact that its General Managers and District Managers (as its authorized agents) actually saw Plaintiffs and putative collective action members perform primarily manual labor and non-exempt duties, that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendant knew that Plaintiffs and those similarly situated were not performing activities that would suffice to make their actual job duties comply with any FLSA exemption and, inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA, it, accordingly, acted willfully or recklessly in failing to classify Plaintiffs and those similarly situated as non-exempt employees.

43.     Defendant is aware or should have been aware, through General Managers and District Managers (as its authorized agents), that Food Managers were primarily performing non-exempt duties. As an owner and operator of

hundreds of hotels throughout the country, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for all hours worked in excess of 40 per workweek.

44. Defendant's unlawful conduct as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

45. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a policy, pattern and/or practice of violating the FLSA with respect to Plaintiffs and the members of the Collective. This policy, pattern and/or practice includes, but it is not limited to the foregoing knowledge of its obligations and the kind of work that Plaintiffs and the members of the Collective were and have been performing, and that, as a result, Defendant has been:

    a. willfully misclassifying Plaintiffs and all members of the Collective as exempt from the overtime requirements of the FLSA;

11

  b. willfully failing to pay Plaintiff, and all members of the Collective and Class, wages for all hours they worked in excess of 40 hours per week; and

  c. willfully failing to allocate enough money in its hotel-level labor budgets for its non-exempt employees to perform their duties and responsibilities, forcing its exempt Food Managers to perform such non-exempt tasks.

46. Due to the foregoing, Marriott's failure to pay overtime wages for work performed by Plaintiff, all members of the collective, and all members of the class in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

47. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Marriott as Food Managers, AMs and individuals holding comparable salaried positions with different titles employed by Defendant at Courtyard Hotels within the United States at any time from three years from date of filing this Complaint, to the entry of judgment in this case (the "Collective Action Period").

48. Marriott is liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and members of the Collective.

49. There are many similarly situated current and former Food Managers who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

50. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiffs and All Collective Action Members)**

51. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference the foregoing paragraphs as if they were set forth again herein.

52. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

54. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

55. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

56. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Defendant.

57. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay overtime compensation to Plaintiffs and the Collective for hours worked in excess of 40 hours per workweek.

58. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

59. As a result of Defendant's willful failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action

Members, Defendant has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

60. As a result of Defendant's policy and practice of minimizing labor costs by underfunding the labor budgets for its hotels, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

61. Due to Defendant's failure to allocate enough labor budget funds, failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the Collective Action Members, Defendant's actual knowledge, through its General Managers and District Managers that the primary duties of Plaintiffs and the Collective Action Members was manual labor and other non-exempt tasks, Defendant's failure to perform a person-by-person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and Defendant's instituting a policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

62. As a result of Defendant's FLSA violations, Plaintiffs and the Collective Action Members are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

63. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Collective Action Members are entitled to and pray for the following relief:

    a. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

    b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

    c.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, using the following common methodology for calculating damages:  ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

    d.    An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

    e.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

    f.    An award of prejudgment and post-judgment interest;

    g.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs; and

    h.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated:      February 3, 2017         By:  *Jesse L. Young*_____
                                     Jesse L. Young (P72614)
                                     SOMMERS SCHWARTZ, P.C.
                                     One Towne Square, 17th Floor
                                     Southfield, Michigan 48076
                                     (248) 355-0300
                                     jyoung@sommerspc.com

                                     Nicholas A. Migliaccio
                                     Jason S. Rathod
                                     MIGLIACCIO & RATHOD LLP
                                     412 H St NE, Suite 302
                                     Washington, D.C. 20002
                                     (202) 470-3520
                                     nmigliaccio@classlawdc.com
                                     jrathod@classlawdc.com

                                     Seth R. Lesser
                                     Fran L. Rudich
                                     Christopher Timmel
                                     KLAFTER, OLSEN & LESSER, LLP
                                     Two International Drive, Suite 350
                                     Rye Brook, NY 10573
                                     Tel: (914) 934-9200
                                     Fax: (914) 934-9220
                                     seth@klafterolsen.com
                                     fran@klafterolsen.com

                                     *Attorneys for Plaintiffs*