UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANE PARROTT, et al.,

    Plaintiffs,

v.

MARRIOTT INTERNATIONAL, INC.,

    Defendant.

_____/

Case No. 17-10359

Honorable Victoria A. Roberts

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [Doc. 15]**

I.    Background

Stephane Parrott and Kevin Williams ("Plaintiffs") individually and on behalf of similarly situated individuals, filed an Amended Collective Action Complaint ("Amended Complaint") against Marriott International, Inc. ("Marriott") seeking relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*.

Plaintiffs seek to recover unpaid overtime wages on behalf of themselves and other current and former Food and Beverage Managers ("Food Managers") who worked more than forty hours a workweek at any hotel operated as a "Courtyard by Marriott" ("Courtyard"). Plaintiffs allege that Marriott willfully misclassified Food Managers as "executives" exempt from FLSA overtime pay protections. In reality, Plaintiffs say they performed such jobs as "unloading delivery trucks, stocking supplies, cooking" and "general restaurant preparatory work." Plaintiffs allege that such duties were "manual labor" that "did not materially differ from the duties of non-exempt hourly employees." Amended Complaint, paragraph 21.

1

It is not contested that the Courtyard hotels in which Plaintiffs worked are franchised by various companies. According to Plaintiffs, Marriott was their joint employer and responsible for the FLSA violations. Marriott claims that Plaintiffs fail to satisfy the standards necessary to plead an action based on joint employment, and file a motion to dismiss ("Motion to Dismiss"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

That motion is DENIED.

II. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

III. Discussion

A. Sixth Circuit Standard

2

At issue is whether Plaintiffs plead sufficient facts to demonstrate that Marriott is their joint employer. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee … ." 29 U.S.C.S § 203(d). "Under the FLSA, the issue of joint employment . . . depends upon all of the facts in the particular case and is largely an issue of control." *Bacon v. Subway Sandwiches & Salads LLC*, 2015 U.S. Dist. LEXIS 19572, *8 (E.D. Tenn. Feb. 19, 2015) (internal quotations omitted). "The Sixth Circuit has not formulated a test for identifying a joint employer for FLSA purposes; however, in the context of Title VII, the Sixth Circuit has considered three potential factors to be considered in determining if an entity may be considered a joint employer: (1) exercise of the authority to hire, fire, and discipline; (2) control over pay and insurance; and (3) supervision." *Id.* See *Sanford v. Main St. Baptist Church Manor, Inc.*, 327 Fed. Appx. 587, 594, (6th Cir. 2009) ("in the NLRB context" factors "such as exercise of authority to hire, fire, and discipline, control over pay and insurance, and supervision … can bear on whether an entity, which is not the formal employer, may be considered a joint employer"). Other district courts in the Sixth Circuit have applied these factors. See *Reid v. Quality Serv. Integrity*, 2016 U.S. Dist. LEXIS 5878, *6 (E.D. Tenn. Jan. 19, 2016); *Williams v. King Bee Delivery, LLC*, 199 F. Supp. 3d 1175, 1180-1181 (E.D. Ky. 2016); *Politron v. Worldwide Domestic Servs., LLC*, 2011 U.S. Dist. LEXIS 52999, *2-7 (M.D. Tenn. May 17, 2011).

In this district, the focus in joint employment cases has been on "whether the plaintiff's alleged joint employer (i) had the power to hire and fire [] employees, (ii) supervised and controlled employee work schedules or conditions of employment, (iii)

3

determined the rate and method of payment, and (iv) maintained employment records." *Dowd v. DirecTV, LLC*, 2016 U.S. Dist. LEXIS 36, *11-12 (E.D. Mich. Jan. 4, 2016).

Plaintiffs direct the Court to two district court decisions in the Second Circuit – decisions that use a "functional control test" to determine the issue of joint employment. *Olvera v. Bareburger Group LLC*, 73 F. Supp. 3d 201, 205 (S.D.N.Y. 2014); *Ocampo v. 455 Hospitality LLC*, 2016 U.S. Dist. LEXIS 125928, *18-19 (S.D.N.Y. Sept. 14, 2016). However, these cases have no persuasive authority, and there is no need for the Court to apply them. Importantly, sufficient precedent exists within the Sixth Circuit to evaluate the sufficiency of Plaintiffs' allegations. Accordingly, this Court will focus on the control exercised by Marriot over the Plaintiffs under the approach used by other district courts in this Circuit. See *Bacon*, 2015 U.S. Dist. LEXIS 19572, *8.

B.  Plaintiffs' Allegations

Plaintiffs make numerous claims which sufficiently allege that Marriott exercises control and is their joint employer. Specifically, Plaintiffs allege that Marriott: (1) treats Plaintiffs like Marriott employees by giving all Food Managers discount room rates at Marriott hotels worldwide (Amended Complaint, paragraph 37), (see *Reid v. Quality Serv. Integrity*, 2016 U.S. Dist. LEXIS 5878, *6-8 (E.D. Tenn. Jan. 19, 2016) (the ability to affect "compensation and benefits" is a factor that determines joint employment)); (2) exercises "a substantial degree of supervision over the work of Food Managers" (Amended Complaint, paragraph 31(h); (3) controls operations through "corporate managers and auditors who review and compel compliance with corporate directives" (*id.* at paragraph 29); (4) supervises and controls work schedules for Food Managers by auditing financial records and meeting with hotel personnel about controlling labor costs

4

(*id.* at paragraph (30(c)); (5) controls working conditions by requiring franchises to comply with "workplace rules" and standards by which food and beverage services are to be rendered (*id.* at paragraph 30(d), 31(d)); (6) maintains employment records (*id.* at paragraph 30(f)), (see *Politron* 2011 U.S. Dist. LEXIS 52999, *7 (granting the defendant's motion to dismiss where the plaintiffs admitted, among other things, that the defendant "kept no employment records" for the plaintiffs)); and (7) imposes standardized procedures for hiring food managers (Amended Complaint at paragraph 30(a)), 31(e), (see *Dowd*, 2016 U.S. Dist. LEXIS 36, *14 (denying the defendant's motion to dismiss where the plaintiff alleged that defendant imposed "hiring requirements" on subcontractors).

Plaintiffs also allege that Marriott maintained the ability to end franchise agreements and thereby terminate Food Managers' employment (Amended Complaint, paragraph 26, 30(b), 32). Although Marriott cites to case law that suggests that a franchisor's right to terminate a franchise agreement does not amount to control over franchisee employees (Motion to Dismiss pg. 11), these cases are not from this Circuit, and are thus not binding. Further, given Plaintiffs' numerous other allegations, this Court can still find that they sufficiently plead joint employment.

C.  Plaintiffs' Allegations of Their Personal Relationship with Marriott

As Marriott correctly states, many courts which have been called upon to decide if a named defendant is a joint employer, consider the nature of the relationship between the plaintiff and the defendant, and require the plaintiff to allege the existence of a personal relationship. In their reply brief ("Reply"), Marriott says that Plaintiffs do not allege facts concerning their relationship to Marriott (Reply, pg. 6).

Marriott is wrong. Plaintiffs make several allegations concerning their personal relationship with Marriott, including that: (1) Ms. Parrott and Mr. Williams were trained to work at Marriott's new Bistro cafes, and "attended daily meetings which included further directives from Marriott regarding the Bistro's operation" (Amended Complaint, paragraph 33(d)); (2) Marriott instructed Ms. Parrott which vendor she was to use for purchasing food and supplies (*id.* at paragraph 33(f)); (3) Mr. Williams was observed by Marriott corporate auditors (*id.* at paragraph 40(a)) and his department was once faulted for printing and laminating their own table numbers – the auditor directed that the only table numbers Marriott permitted must be ordered from Marriott's online platform (*id.* at paragraph 30(g)); and (4) Ms. Parrott and Mr. Williams were told that they work "first and foremost" for Marriott (*id.* at paragraph 36).

These allegations point directly towards Marriott's personal supervision and employment of Plaintiffs, making Plaintiffs' allegations of Marriott's joint employment sufficient to state a claim.

D. Marriott's Arguments

Many of the cases Marriott directs the Court's attention to involve motions for summary judgment, not motions to dismiss. Because the Court applies a different standard of review to motions for summary judgment, these cases are inapplicable.

Marriott does rely on a motion to dismiss case, from the Northern District of Illinois, to suggest that Plaintiffs' allegations are not sufficient to state a claim. *Brunner v. Liautaud*, 2015 U.S. Dist. LEXIS 46018, *11-14 (N.D. Ill. Apr. 8, 2015). While *Brunner* uses factors similar to those used in this Circuit to determine the issue of joint employment, *Brunner* reaches its conclusion by applying principles that have not been

settled within this Circuit (for example, that the right to terminate a franchise agreement, and to have control over uniformity and compliance, do not support a finding of a joint employer relationship). Marriott cites to no Sixth Circuit case which support the application of such principles to this dispute.

*Brunner* is otherwise distinguishable. First, the *Brunner* court suggests that providing guidance on the suitable characteristics for potential employees does not support a finding of joint employer status. *Brunner*, 2015 U.S. Dist. LEXIS 46018, *13. However, this suggestion is contrary to *Dowd*. See *Dowd*, 2016 U.S. Dist. LEXIS 36, *14. Second, the *Brunner* court granted the defendant's motion to dismiss in part, because the plaintiff did not plead "distinct facts that firmly establish [defendant's] control over employees' work schedules." *Brunner*, 2015 U.S. Dist. LEXIS 46018, *15. As detailed above, Plaintiffs do plead control, and other facts, with sufficiency.

Finally, as *Brunner* suggests, "the ultimate determination will vary depending on the specific facts of each case," and the Court should look "at the employment situation as a whole, analyzing the amount of control the alleged joint employer had over employees." *Id.* at *11-12 (internal citations and quotations omitted). This standard is similar to that used by many district courts in the Sixth Circuit. See *International Longshoremen's Assn., Local Union No. 1937 v. Norfolk Southern Corp.*, 927 F.2d 900, 902 (6th Cir.1991) ("whether a [defendant] possesses sufficient control over the work of employees to qualify as a joint employer is essentially a factual issue"). Using this approach, the Court finds that Plaintiffs allege sufficient facts to demonstrate that Marriott has control over Food Managers, and that Marriott is a joint employer, to weather this 12(b)(6) motion to dismiss.

7

IV. Conclusion

Marriott claims that courts have consistently ruled that franchise arrangements "do not create an employment relationship between a franchisor and a franchisee's employees." Motion to Dismiss, pg 2-3. However, Marriott cites to no case, let alone a consistent body of cases. This is the beginning of Marriott's faulty analysis; it causes Marriott to focus on the franchise agreements between Marriott and Courtyard hotels in launching a general attack on the sufficiency of Plaintiffs' allegations rather than on whether the allegations are sufficient under Sixth Circuit factors.

This motion is designed to test the sufficiency of Plaintiffs' Amended Complaint. Accordingly, the Court is required to look at all of Plaintiffs' allegation in a light most favorable to them. Doing this, and drawing all reasonable references in Plaintiffs' favor, the Court finds they allege enough facts to support their joint employer theory. The facts alleged suggest that Marriott acted either directly or indirectly in its interest in relation to Plaintiffs, as per the FLSA. 29 U.S.C.S § 203(d). Further, the facts alleged suggest that Marriott, through the standards and policies they allegedly imposed upon Plaintiffs, maintained a level of control that could ultimately translate into a joint employment arrangement. *Bacon*, 2015 U.S. Dist. LEXIS 19572, *8. Plaintiffs survive Marriott's motion to dismiss.

The motion is DENIED.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 6, 2017

8