# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEPHANE PARROTT and KEVIN
WILLIAMS, Individually and on Behalf
of All Other Persons Similarly Situated,

   Plaintiffs,        Case No. 17-10359
                Hon. Victoria A. Roberts
v.                Mag. Judge R. Steven Whalen

MARRIOTT INTERNATIONAL, INC.,

   Defendant.
_____/

## STIPULATED PROTECTIVE ORDER

  All the parties to this action have requested that the Court issue a protective order to protect the confidentiality of nonpublic and competitively-sensitive information that may need to be disclosed to adversary parties in connection with discovery in this case pursuant to Fed. R. Civ. P. 26(c), and to guard against the waiver of attorney-client privilege and work product protection pursuant to Fed. R. Evid. 502(d).

  The Parties stipulated, as evidence by the below signature of counsel for all Parties, to the terms of this Protective Order.

  IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and

consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon a possible penalty of contempt:

1.  Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not utilize such Confidential Discovery Material for any purpose other than the prosecution or defense of this litigation or disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.  Any person may designate as Confidential such portion of such material as consists of:

    a.  previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

    b.  previously nondisclosed material relating to ownership or control of any nonpublic company;

    c.  previously nondisclosed business plans, product development information, or marketing plans;

    d.  confidential business information and communications regarding employee compensation, time records, training and work histories;

e. any information of a personal or intimate nature regarding any individual, including personnel files, compensation data, or email and telephone communications; or

f. any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4. If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so

apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d. any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    e. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

    f. stenographers engaged to transcribe depositions conducted in this action; and

g. the Court and its support personnel. The Court and its supporting personnel are not required to execute a Non-Disclosure Agreement.

6. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 5(d) or 5(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

7. In each instance in which a party wishes to use any Confidential information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, the parties shall confer in good faith about the need to file such information under seal pursuant to the steps outlined below. To the extent filing under seal is necessary, the filing containing the Confidential information (the "substantive filing") shall be made under seal. The substantive filing shall be accompanied by a separate motion to seal, unless the Confidential document(s) or information included therein was entirely produced by a party other than the filing party, in which case that party shall file a motion to seal within five (5) business days of the substantive filing. Each motion to seal shall be accompanied by a version of

the substantive motion which has been redacted to remove all "Confidential" documents or information. Each motion to seal shall also be accompanied by a proposed order stating the reason(s) for authorizing the sealing. Any brief in opposition to the motion to seal shall be filed within five (5) business days of the filing of the motion to seal. No brief in reply shall be permitted without leave of Court. Upon the granting of a motion to seal, the redacted version of the associated substantive filing shall be added to the public court docket. Upon the denial of a motion to seal, the substantive motion, as originally filed, shall be added to the public court docket. Nothing herein shall prevent or otherwise limit the parties' right to stipulate to a proposed order authorizing the filing of documents/materials under seal.

8. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon opposing counsel a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

9. Any Discovery Material labeled as "Confidential-Attorneys' Eyes Only" may be viewed *only* by persons defined by ¶ 5(b).

10. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

11. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

14. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

15. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

16. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

17. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

18. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

19. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

IT IS SO ORDERED.

                                          S/Victoria A. Roberts
                                          U.S. DISTRICT COURT JUDGE

Dated: January 30, 2018

STIPULATED AND APPROVED FOR IMMEDIATE ENTRY:

LANDSKRONER GRIECO MERRIMAN LLC.

 /s/ Drew Legando (with consent)
Drew Legando
*Attorney for Plaintiffs*
1360 West Ninth Street, Suite 200
Cleveland, Ohio 44113
T. (216) 820-9799|
F. (216) 522-9007

Dated: January 29, 2018

JAFFE RAITT HEUER & WEISS, P.C.

 /s/ Derek D. McLeod
Derek D. McLeod
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road – Suite 2500
Southfield, MI 48034
T: (248) 351-3000
D: (248) 727-1390

-and-

CROWELL & MORING LLP
Jeffrey L. Poston
Andrew W. Bagley
Jillian W. Ambrose
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004-2595
T: (202) 624-2500
jposton@crowell.com
abagley@crowell.com
jambrose@crowell.com

*Attorneys for Defendant*

Dated: January 29, 2018

# EXHIBIT

IN THE UNITED STATES DISTRICT COURT
                    FOR THE EASTERN DISTRICT OF MICHIGAN
                              SOUTHERN DIVISION

STEPHANE PARROTT and KEVIN
WILLIAMS, Individually and on Behalf
of All Other Persons Similarly Situated,

      Plaintiffs,                       Case No. 17-10359
                                          Hon. Victoria A. Roberts
v.                                             Mag. Judge R. Steven Whalen

MARRIOTT INTERNATIONAL, INC.,

      Defendant.
_____/

## **NON-DISCLOSURE AGREEMENT**

      I affirm that I have reviewed the Protective Order which governs this case and agree to be bound by its terms. I will not retain nor disclose any information that has been marked "Confidential." I understand that this obligation, and all others established by the Protective Order, survives the termination of this litigation.

                                                                                 _____
                                                                                 **Signature**

                                                                                 _____
                                                                                 **Printed Name**

                                                                                 _____
                                                                                 **Date**